LETTS, Chief Judge.
This case involves a yacht broker’s suit for a commission dismissed by the trial court with prejudice because of failure to comply with Section 537.05(2), Florida Statute (1977) which legislation (since repealed) required the broker to secure written authorization before he could “act” for his principal. We reverse in part and affirm in part.
The result in this case is governed by the recent Supreme Court decision in United Yacht Brokers, Inc. v. Gillespie, 377 So.2d 668 (Fla.1979) which mandates that we reverse the trial court on the question of the count in the complaint predicated upon intentional interference with a contractual relationship despite failure to comply with the statute.
It is true that in the Gillespie case, supra, the brokers oral contract was with the purchaser whereas in the instant case the oral *986 agreement was with the seller. Nevertheless we are unable to place any significance on this distinction. Gillespie stands for the proposition that “a tort action can be validly brought against a third party who interferes . . . .” despite violation of the applicable statute. From this we conclude that an intentional interference with a contractual relationship allegation will lie against the eventual purchaser of the yacht here in question, but not against the seller with whom the oral agreement was made. We are not necessarily happy with the thought that a tortious interference count is applicable to either the seller or the purchaser in Gillespie or in the case at bar, but mindful of the admonitions in Hoffman v. Jones, 280 So.2d 431 (Fla.1973), it is so ordered.
We are of the opinion that the trial court ruled correctly on the counts alleging breach of contract and conspiracy and find no reversible error.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED IN ACCORDANCE HEREWITH.
ANSTEAD and HURLEY, JJ., concur.